UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CARLOS APARICIO-CRUZ, | ) | CASE NO. 4:06 CV 0628 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 17, 2006, pro se petitioner Carlos Aparicio-Cruz filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Aparicio-Cruz, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against the United States of America. The petitioner asserts that the court convicted him of a crime of which he is "actually innocent" because he received ineffective assistance of counsel.

*Background*

Mr. Aparicio-Cruz was indicted in the United States District Court for the Middle District of Florida. He pleaded guilty to count one of the superceding indictment which charged him with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance

containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 App. U.S.C. §§ 1903(a) and 1903(j). The district court sentenced him to 135 months, a sentence he did not appeal to the Eleventh Circuit Court of Appeals.

In January 2002, Mr. Aparicio-Cruz filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Within the motion, he alleged ineffective assistance of counsel, lack of subject matter jurisdiction, Blakely/Apprendi issues regarding drug quantity as an element of the offense, and that the district court refused his request for a U.S.S.G. § 3B1.2 minor-role adjustment. (Pet. at 2.) The motion was denied by the district court on March 6, 2002.

Mr. Aparicio-Cruz filed a request for authorization to file a successive motion to vacate, set aside, or correct sentence, which was denied as procedurally barred. He then filed an application in the Eleventh Circuit Court of Appeals for leave to file a second or successive § 2255 motion. The Eleventh Circuit denied the application on February 10, 2006. He now contends that he cannot appeal this denial to the United States Supreme Court and that this is the "Court-of-Last-Resort for Petitioner, who has no other avenue for relief." (Pet. at 2.)

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889,

893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

In his petition before this court, Mr. Aparicio-Cruz directly attacks his conviction based, inter alia, on the assertion that he received ineffective assistance of counsel. This is a matter for which a prisoner should seek relief through a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.1965). If, however, a prisoner sets forth that relief under § 2255 is inadequate or ineffective to test the legality of his detention, § 2255 does provide a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).

The courts have clarified that § 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re

3

Davenport, 147 F.3d 605, 608 (7th Cir.1998).

Mr. Aparicio-Cruz does not explain why his relief under § 2255 is inadequate or ineffective other than the fact that he is procedurally barred. As set forth above, this is not a basis upon which a petitioner can assert that his remedy under § 2255 is inadequate or ineffective. See Vial, 115 F.3d at 1194 n. 5. While a § 2255 motion would be the proper vehicle for challenging the validity of a conviction and sentence under the circumstances, this court declines to construe the petition as such.[1]

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 2, 2006            /s/ John R. Adams
                               JOHN R. ADAMS
                               UNITED STATES DISTRICT JUDGE

---

[1] In In re Shelton, 295 F.3d 620 (6th Cir.2002), the Sixth Circuit held that, with regard to pro se litigants in particular, "'[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.'" Shelton, 295 F.3d at 622 (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)). Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.